Gants, J.
On July 17, 1999, the plaintiff, Maureen Martins (“Martins”), spent the afternoon and evening at a barbeque in the backyard of the home of her future in-laws, the defendants Joseph and Jill Healy (“the Healys”). Just before midnight, when she was alone, she fell off the deck of the Healys’ four-foot-high above-ground pool, severely injuring her chin and shoulder. Martins has filed this action alleging that the Healys were negligent for failing to place guardrails around the four-foot-high deck of the pool and for failing to provide appropriate lighting. The Healys have moved for summary judgment, essentially arguing that the risk of falling off the pool deck was an open and obvious danger. After hearing and for the reasons stated below, the Healys’ motion for summary judgment is DENIED.

DISCUSSION

Viewing the evidence in the light most favorable to Martins, as I must on summary judgment, Martins decided to go for a swim after everyone had left the barbeque late on the evening of July 17. She climbed the steps leading to the deck of the pool and walked roughly six feet along the deck. The deck was dark; there were no lights illuminating the deck or the pool. Before she reached the water, she fell off the four-foot deck into a triangular area between the deck, pool, and outer fence where the filter or skimmer was located. There was no guardrail or fencing along the deck where she fell. Nor was there any other obstruction that would prevent someone in the dark from walking off the deck and falling four feet to the ground.
The Healys rely heavily on the Supreme Judicial Court case of 0'Sullivan v. Shaw, which declared that the “open and obvious rule" remains alive and well in Massachusetts and was not abolished by the enactment of the comparative negligence statute. 431 Mass. 201 (2000). In O’Sullivan, a swimmer who fractured his cervical vertabrae when he dove in the shallow end of a pool claimed that the owners of the pool were negligent for failing to warn him about the dangers of diving headfirst in shallow water. Id. at 202-03. The Supreme Judicial Court ruled that the owners of the pool owed him no duty to warn, because the dangers of diving into a shallow pool were open and obvious. Id. at 206-09. The Healys contend that the risks of walking off a four-foot-high deck are equally open and obvious, and, therefore, they owed Martins no duty to warn her of the absence of guardrails or the consequences of such a fall.
The difference between this case and O’Sullivan, however, is that, in O'Sullivan, the plaintiff did not allege that the pool was defective for having a shallow end; the sole basis there for claiming that the landowners had failed to maintain the pool in a reasonably safe condition was the failure to warn. Here, Martins does not contend that the Healys were negligent for failing to warn her of the absence of guardrails; she contends that the Healys were negligent for failing to install guardrails and adequate lighting.
The common law duty that the owner of land owes to all persons lawfully on the premises includes an obligation to “maintain his property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk, . . . and to warn visitors of any unreasonable dangers of which the landowner is aware or reasonably should be aware.” Id. at 204, quoting Mounsey v. Ellard, 363 Mass. 693, 708 (1973), and Davis v. Westwood Group, 420 Mass. 739, 743 (1995) (emphasis added). The Healys essentially argue that a landowner may maintain his property in an unreasonably unsafe condition as long as the unsafe condition is open and obvious. This Court is unwilling to extend the open and obvious rule that far. That rule simply means that there is no duty to warn when a warning would be superfluous because the danger is open and obvious to all; it does not mean that a landowner has no duty to use reasonable care to protect against open and obvious dangers. *43 Indeed, if the Healys’ vision of the law were to prevail, a landowner, in the absence of a State Building Code requirement, could fail to place guardrails on a third-floor balcony and not be liable to a guest who fell off that balcony because the danger of falling was open and obvious.
Indeed, this Court observes that the Commonwealth of Massachusetts State Building Code requires in single-family dwellings that “porches, balconies, decks or raised floor surfaces located more than thirty inches above the floor or grade shall have guardrails . . .” 780 C.M.R. §3603.14.2. Since a violation of the State Building Code is some evidence of negligence and is sufficient to permit a finding of negligence by a landowner, this requirement means that a landowner who fails to have guardrails on a four-foot-high “deck or raised floor surface” may be liable for injuries caused by the absence of a guardrail, even if the condition was open and obvious. Even if this Building Code requirement did not apply to an above-ground residential pool whose deck, as here, was not attached to the home, the principle remains that the law does not tolerate an unreasonably dangerous condition simply because it is open and obvious.[1]
Whether the absence of guardrails and adequate lighting on the pool deck, under all the circumstances, constituted an unreasonably dangerous condition, and whether Martins was comparatively negligent by walking in the dark along a deck she knew had no guardrails are questions most appropriately left to a jury. They cannot be resolved as a matter of law by the open and obvious rule.

ORDER

For the reasons stated above, the defendants' motion for summary judgment is DENIED.

This Court specifically makes no finding as to whether the State Building Code required guardrails along the deck of the Healys’ pool, and leaves that important issue to the trial judge. To assist the trial judge, however, this judge will pass on the following observations made in considering this motion. The State Building Code is not limited to buildings, but governs the construction of all buildings and “structures,” with the purpose of securing “safety to life and property from all hazards incident to the design, construction, reconstruction, alteration, repair, demolition, removal, use or occupancy of buildings, structures or premises.” 780 C.M.R. §§101.2, 101.4. The State Sanitary Code provides that "(clonstruction of every swimming, wading or special purpose pool shall conform with appropriate state and local building, health, plumbing and electrical code requirements.” 105 C.M.R. §435.05. Finally, this Court notes that the definition of a “swimming pool” under the State Sanitary Code includes “decks and appurtenances used in connection with the pool.” 105 C.M.R. §430.020.