# United States Court of Appeals

## For the First Circuit

No. 04-1837

CLIFFORD GORFINKLE,

Plaintiff, Appellant,

and

DEBORAH A. GARSTON; PPA ALEXANDRA REBECCA JEAN GARSTON,

Plaintiffs,

v.

U.S. AIRWAYS, INC.; F.F. SANTARPIO,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
[Hon. George A. O'Toole, Jr., U.S. District Judge]

Before
Lipez and Howard, Circuit Judges, and
Restani, Judge.[*]

Frank J. Riccio for appellant.
Richard P. Campbell with whom Kathleen M. Guilfoyle and Campbell Campbell Edwards & Conroy, PC. were on brief for appellee U.S. Airways, Inc.
William J. Flanagan with whom Morrison Mahoney LLP were on brief for appellee F.F. Santarpio.

December 7,2005

[*]Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

**RESTANI, Judge.** Clifford Gorfinkle ("Gorfinkle") brought a negligence claim against U.S. Airways, Inc. ("U.S. Airways") in Massachusetts state court. U.S. Airways then removed the case to federal court based upon diversity of citizenship, and brought a third-party claim against F.F. Santarpio ("Santarpio"). Gorfinkle subsequently filed a Second Amended Complaint adding Santarpio, a nondiverse party, as a direct defendant, and thus destroyed diversity. The case proceeded to the merits without the parties or the district court recognizing the diversity issue and the court granted summary judgment in favor of Gorfinkle.

We dismiss the complaint against Santarpio with prejudice in order to preserve diversity jurisdiction, and otherwise affirm the district court's grant of summary judgment.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Gorfinkle claims that he was injured on March 9, 1996, because U.S. Airways created a hazardous condition in its baggage claim area, and then failed to warn him of, and protect him from, the hazardous condition. The hazardous condition consisted of stacked luggage in a baggage claim area at Logan International Airport in Boston, Massachusetts.

The night before Gorfinkle's accident, U.S. Airways canceled his flight from Philadelphia, Pennsylvania, to Boston, Massachusetts. His luggage was sent ahead to Logan International Airport and Gorfinkle followed on an overnight train. Upon

arriving, Gorfinkle went to the airport to pick up his luggage. Once at the airport, he went into a roped-off baggage claim area where luggage had been stacked about two to three bags high. He climbed on top of the stacked luggage and walked on top of the stacks to find his suitcase. Gorfinkle then attempted to pull out a suitcase from underneath two other bags, but let go when he realized it was not his. He then lost his balance, fell, and injured himself.

Afterwards, Gorfinkle brought a negligence claim against U.S. Airways in Suffolk Superior Court. On May 27, 1999, U.S. Airways removed the action to federal court based upon diversity of citizenship – Gorfinkle is a domiciliary of Massachusetts, while U.S. Airways is a Delaware corporation with its principal place of business in Virginia. U.S. Airways then filed a third-party complaint against Santarpio, the skycap for the baggage claim area and a Massachusetts corporation with its principal place of business in Massachusetts. While this did not defeat diversity, Gorfinkle destroyed diversity when he filed a Second Amended Complaint adding Santarpio as a direct defendant.[1]

The district court did not realize that diversity was defeated and granted summary judgment in favor of the defendants.

---

[1]The Second Amended Complaint included claims brought by Gorfinkle's daughter, Alexandra Rebecca Jean Garston, and wife, Deborah A. Garston. Alexandra's claim was dismissed on August 8, 2003, and Deborah's claim was dismissed on January 30, 2004. Neither are party to this appeal.

Gorfinkle appealed the grant of summary judgment. Upon oral argument, the court discovered that complete diversity had been defeated. In his supplemental brief, Gorfinkle asks the court to remand the case to state court, while appellees request the dismissal of Santarpio to preserve diversity jurisdiction.

## II. DIVERSITY JURISDICTION

In order to maintain an action in federal court based upon diversity jurisdiction, the plaintiff must be diverse from the defendant in the case. See Am. Fiber & Finishing, Inc. v. Tyco Healthcare Group, LP, 362 F.3d 136, 139 (1st Cir. 2004) (citing Strawbridge v. Curtiss, 7 U.S. 267 (1806)). The addition of a non-diverse defendant in an amended complaint defeats diversity. See id. at 141–42.

If the nondiverse party is dispensable, however, an appellate court can preserve diversity jurisdiction by dismissing the non-diverse party from the action. See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 837 (1989). In taking this step, an appellate court "should carefully consider whether the dismissal of a nondiverse party will prejudice any of the parties in the litigation." Id. at 838.

In the instant case, Gorfinkle added a nondiverse party, Santarpio, as a defendant in his amended complaint. Even though Santarpio's presence defeated diversity, the case proceeded to a decision on the merits. We conclude that we can preserve diversity

-4-

jurisdiction by dismissing Santarpio because he is a dispensable party and his dismissal will not prejudice any of the remaining parties.

First, we can dismiss Santarpio because he is a potential joint tortfeasor, and thus a dispensable party. See id. at 838 (in regards to a party that was "jointly and severally liable, it cannot be argued that [the party] was indispensable to the suit"); Temple v. Synthes Corp, Ltd., 498 U.S. 5, 7 (1990); Casas Office Machs., Inc. v. Mita Copystar Am., Inc., 42 F.3d 668, 677 (1st Cir. 1994); Austin v. Unarco Indus., Inc., 705 F.2d 1, 5 (1st Cir. 1983). Under Massachusetts tort law, parties are jointly and severally liable "if [they] negligently contribute to the personal injury of another by their several acts, which operate concurrently, so that in effect the damages suffered are rendered inseparable." O'Connor v. Raymark Indus., 518 N.E.2d 510, 513 (Mass. 1988) (citing to Chase v. Roy, 294 N.E.2d 336 (Mass. 1973)). Here, Santarpio is a potential joint tortfeasor because Gorfinkle's injuries stemmed from one fall, which he attributes to the negligence of both U.S. Airways and Santarpio.[2] Thus, Santarpio is also a dispensable party that the court can dismiss.

Second, Santarpio's dismissal will not prejudice any of

---

[2]Gorfinkle's complaint alleges that U.S. Airways and Santarpio negligently allowed a hazardous condition to exist, Compl. at 2, ¶ 6, negligently failed to warn about the hazardous condition, Compl. at 2, ¶ 7, and negligently failed to protect Gorfinkle from the hazardous condition, Compl. at 2, ¶ 8.

the remaining parties. In examining prejudice, the Supreme Court cautioned that "[i]t may be that the presence of the nondiverse party produced a tactical advantage for one party or another." Newman-Green, 490 U.S. at 838. The Court found no tactical advantage when "[d]iscovery directed to [the nondiverse defendant] while he was a party would have been available even if he had not been a party." Id.; see also Sweeney v. Westvaco Co., 926 F.2d 29, 41 (1st Cir. 1991) (plaintiff could have called the same witness and introduced the same evidence even in the nondiverse defendant's absence); Casas Office Machs., 42 F.3d at 677 (plaintiff could have obtained the same business and financial records even if the nondiverse defendant was absent in the case). Likewise, in this case, even in Santarpio's absence, Gorfinkle would have been able to conduct the same discovery – call Santarpio as a witness, take depositions, and request documents. Thus, Santarpio's presence did not provide Gorfinkle with any tactical advantage.

Finally, the only party here who would be prejudiced by Santarpio's dismissal is Santarpio himself. Santarpio had participated in the litigation from the beginning, the case had reached a judgment on the merits, and Santarpio may have to relitigate the suit in state court if he is dismissed. We resolve this problem by dismissing Santarpio with prejudice.[3] See Newman-

[3]We are mindful that in a similar case, Casas Office Machines, we remanded the issue of whether to dismiss with or without prejudice to the district court. Casas Office Machines was before us on interlocutory appeal and we emphasized that unlike in Newman-

Green, 490 U.S. at 837-38 (nondiverse defendant was dismissed with prejudice because he had participated in the litigation from the start, the case had reached a judgment on the merits, and he would be faced with the possibility of a new suit if he were dismissed without prejudice).

Therefore, we are able to preserve diversity jurisdiction and can review the merits of Gorfinkle's appeal.

### III.   OPEN AND OBVIOUS DANGER

The district court granted summary judgment in favor of U.S. Airways, finding that U.S. Airways owed no duty to Gorfinkle because walking on top of stacked luggage was an open and obvious danger.  Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The evidence is viewed in the light most favorable to the nonmoving party.  Nicolo v. Philip Morris Inc., 201 F.3d 29, 33 (1st Cir. 2000).

Upon careful review of this case, we hold that the

---

Green, the defendants did not have their claims adjudicated by the district court and the parties had not had a chance to argue the issue.  42 F.3d at 677-78.  Here, the parties fully litigated their claims.

Additionally, a joint tortfeasor defendant dismissed with prejudice to preserve diversity jurisdiction may still be liable to the remaining defendant for indemnity or contribution.  See Newman-Green, 490 U.S. at 838.  Here, because we affirm the district court's judgment in U.S. Airways' favor, the issue is irrelevant.

district court properly granted summary judgment in favor of U.S. Airways. The undisputed material facts show the existence of an open and obvious danger that negated U.S. Airway's duty of care to Gorfinkle.

"Before liability for negligence can be imposed, there must first be a legal duty owed by the defendant to the plaintiff." Davis v. Westwood Group, 652 N.E.2d 567, 569 (Mass. 1995). Whether or not a duty of care existed is a question of law for the court. O'Sullivan v. Shaw, 726 N.E.2d 951, 954 (Mass. 2000); Yakubowicz v. Paramount Pictures Corp., 536 N.E.2d 1067, 1070 (Mass. 1989).

Under Massachusetts law, a property owner does not owe a duty to a visitor to warn him of, or protect him from, dangers that are "obvious to persons of average intelligence."[4] O'Sullivan, 726 N.E.2d at 954. The open and obvious doctrine asks "whether the dangerous condition was . . . so obvious that the defendant would be reasonable in concluding that an ordinarily intelligent

---

[4]Gorfinkle relies on Michalski v. Home Depot, Inc., a Second Circuit case applying New York law, to argue that even if a danger were open and obvious, defendants would be liable to plaintiffs as long as the plaintiffs' injuries were foreseeable. 225 F.3d 113, 119 (2d Cir. 2000). This is not the law in Massachusetts. In Massachusetts, an open and obvious danger "operates to negate the existence of a duty of care." O'Sullivan, 726 N.E.2d at 956.

Wilson v. Copen, 244 F.3d 178, 181-82 (1st Cir. 2001), also does not contradict the holding of O'Sullivan. In fact, Wilson noted that an open and obvious danger does relieve a homeowner of a duty to warn, and that summary judgment can be granted when no reasonable jury could conclude otherwise. Id. at 182 n.1.

plaintiff would perceive it and avoid it." Id. at 955 (emphasis added).

Here, Gorfinkle was injured while he was searching for his luggage in a roped-off baggage claim area. The bags in the area had been stacked two to three high. Rather than requesting assistance or removing them one by one to look for his suitcase, Gorfinkle climbed on top of the stacked luggage and walked on top of it. He then fell off the stacked luggage and injured himself.

Under the law of Massachusetts, the danger of walking across stacked luggage is open and obvious.[5] See Tetreault v. Dupuis, 222 N.E.2d 876 (Mass. 1967) (no duty owed to plaintiff who walked over debris that was swept into a pile); Boike v. Brinker Mass. Corp., 19 Mass. L. Rptr. 40 (Mass. Super. Ct. 2005) (no duty to warn plaintiff about the dangers of walking on a wet, soapy and greasy staircase); Moise v. Holyoke Hosp., Inc., 2002 Mass. App. Div. 14 (Mass. Dist. Ct. 2002) (no duty owed to plaintiff who climbed over a 3 to 3 1/2 foot snowbank). Here, it would have been apparent to an ordinarily intelligent plaintiff that he might fall if he attempted to walk over stacked luggage. Gorfinkle

_____

[5]Gorfinkle argues that Costa v. Boston Red Sox Baseball Club, 809 N.E.2d 1090, 1093 (Mass. App. Ct. 2004), states that the open and obvious doctrine only applies to negligent failure to warn. Costa does not stand for this proposition but instead, was a case in which the alleged negligence was limited to the defendant's failure to warn. Moreover, as indicated in O'Sullivan, the Supreme Judicial Court of Massachusetts does not limit the application of the doctrine to failure to warn cases. 726 N.E.2d at 954.

-9-

acknowledges that he was aware he needed to be careful while walking on top of the luggage. Therefore, we conclude, as did the district court, that walking on top of stacked luggage was an open and obvious danger.[6]

Accordingly, Gorfinkle has failed to establish that U.S. Airways had a duty to warn or otherwise protect him from the open and obvious danger. For the foregoing reasons, we affirm the district court's grant of summary judgment in favor of U.S. Airways.

---

[6]Gorfinkle also argues that the open and obvious doctrine does not absolve U.S. Airway's negligence for maintaining the luggage area in a hazardous condition. Gorfinkle cites Martins v. Healy, in which the court held that a deck was unreasonably dangerous because it had no pool lights illuminating the deck and because there was no railing or fence around the deck to prevent the plaintiff from falling off the deck. 15 Mass. L. Rptr. 42 (Mass. Super. Ct. 2002). The current case is different, however, because the condition of the luggage itself, stacked together in an obvious manner in a lighted baggage claim area, is not unreasonably dangerous.