*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 06a0341p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

FLOYD CURRY,

*Plaintiff-Appellant,*

v.

U.S. BULK TRANSPORT, INC. et al.,

*Defendants-Appellees.*

No. 05-4218

>

---

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 04-01375—Donald C. Nugent, District Judge.

Argued: July 28, 2006

Decided and Filed: September 5, 2006

Before: MOORE and GIBBONS, Circuit Judges; ACKERMAN, District Judge.[*]

---

## COUNSEL

**ARGUED:** L. Christopher Coleman, STEUER, ESCOVAR, BERK & BROWN, Cleveland, Ohio, for Appellant. John B. Stalzer, REMINGER & REMINGER, Cleveland, Ohio, for Appellees. **ON BRIEF:** L. Christopher Coleman, STEUER, ESCOVAR, BERK & BROWN, Cleveland, Ohio, for Appellant. John B. Stalzer, Brian D. Sullivan, Frank Leonetti III, REMINGER & REMINGER, Cleveland, Ohio, for Appellees.

---

## OPINION

---

KAREN NELSON MOORE, Circuit Judge. Plaintiff-Appellant Floyd Curry brought this suit to recover damages resulting from injuries he sustained in an accident when a truck carrying potassium sulfate overturned in the warehouse in which Curry worked. Curry alleges that Defendants-Appellees U.S. Bulk Transport, Inc., David Priddy, and Eric Susman negligently operated and covered the truck, thereby causing his injuries. The district court granted summary judgment to defendants, finding that Curry had not provided any evidence that defendants were negligent. Curry appeals, arguing that genuine issues of material fact preclude summary judgment. During review of our jurisdiction to hear this appeal, it became apparent that complete diversity was destroyed when Priddy and Susman were identified and substituted as nondiverse defendants, with

---

[*]The Honorable Harold A. Ackerman, United States District Judge for the District of New Jersey, sitting by designation.

the result that the district court lacked subject-matter jurisdiction over this suit.  We therefore **REMAND** Curry's lawsuit to the district court with instructions to remand to the state court from which removal was granted.

## I.  BACKGROUND

The following facts are undisputed.  On April 3, 2002, Plaintiff-Appellant Curry was on the job as a warehouse manager at American Metal Chemical Corporation in Medina, Ohio.  Joint Appendix ("J.A.") at 36 (Fourth Amd. Compl. at 2); J.A. at 96 (Curry Dep. at 17).  Curry was in charge of inventory at the warehouse, and it was his job to direct incoming trucks making deliveries and to show the drivers where in the warehouse incoming truck loads should be dumped.  On that morning, Defendant-Appellee Priddy arrived at the warehouse driving a Freightliner truck loaded with potassium sulfate.  Defendant-Appellee Susman owned the truck that Priddy was driving, and Defendant-Appellee U.S. Bulk Transport was the lessee of the truck.

When Priddy pulled the truck into the warehouse that day, Curry directed Priddy to dump the potassium sulfate in the area of the warehouse designated for raw materials.  While Priddy was in the truck's driver's seat, Curry stood behind the truck and directed Priddy to raise the truck bed and dump the material.  Curry observed that after Priddy raised the truck bed, a significant quantity of the potassium sulfate in the truck adhered to the truck's bed instead of falling out of the truck.  When gravity failed to dislodge the adhering material, Curry moved to the side of the truck so that he could approach Priddy to tell him that the material was stuck to the truck.  Curry incorrectly believed that the truck was equipped with a vibrator that could be used to shake a load loose, and so Curry intended to tell Priddy to vibrate the truck bed so the material would fall out.  While Curry was beside the truck, he "heard metal under stress," and looked up to see that the truck bed was falling over towards him.  J.A. at 97 (Curry Dep. at 18).  Curry scrambled to get out of the way of the falling bed, and ran towards the back of the truck.  Curry escaped from the path of the falling truck bed, but stumbled over some chunks of potassium sulfate that had fallen from the load and fell on his knee and elbows, sustaining injuries that required surgery.

Curry filed suit in the Court of Common Pleas for Cuyahoga County, Ohio, in April 2004, naming U.S. Bulk Transport[1] as well as four John Doe defendants (the truck driver, the truck driving company, the truck owner, and the loading company, all of whose names were then unknown to Curry) and alleging three counts of negligence.  J.A. at 10-15 (Amd. Compl.).  U.S. Bulk Transport filed a notice of removal in the United States District Court for the Northern District of Ohio on July 20, 2004, invoking diversity jurisdiction.  Diversity exists between Curry and U.S. Bulk Transport, because Curry is a citizen of Ohio, and U.S. Bulk Transport is a Pennsylvania corporation with its principal place of business in Pennsylvania.  J.A. at 7 (Notice of Removal).  In January 2005, the district court granted Curry's motion to file a third amended complaint, which identified and added Priddy and Susman, both citizens of Ohio, as defendants in place of two previous John Doe defendants.  J.A. at 27-28 (Third Amd. Compl. at 2-3).  Neither party filed a motion to remand to state court for lack of complete diversity or took any other steps to notify the district court of the potential problem of subject-matter jurisdiction.

Defendants moved for summary judgment on May 20, 2005, but the following month the parties filed a joint motion for an extension of the deadline for filing Curry's brief in opposition to summary judgment so that the parties could proceed with discovery.  Curry filed his opposition to defendants' summary-judgment motion on August 1, 2005.  Defendants filed a reply to Curry's opposition motion on August 5, 2005.  On August 18, 2005, Curry filed a motion for leave to file

---

[1]Curry had incorrectly identified U.S. Bulk Transport as "U.S. Bulk Transfer" in the caption of his initial complaint, J.A. at 17-21, and so Curry filed his first amended complaint with this correction on June 15, 2004.  J.A. at 10.

a fourth amended complaint, which the court granted on August 23, 2005. Dist. Ct. Docket at R.29. Curry's fourth amended complaint removed the remaining John Doe defendants and also eliminated the third count of his complaint, leaving only Count 1 (negligent operation of the truck during dumping) and Count 2 (negligent loading and tarping of the load). J.A. at 35 (Fourth Amd. Compl.). On August 26, 2005, the district court granted summary judgment to the three defendants on both counts, concluding that there was "absolutely no evidence whatsoever that any [of] the Defendants were negligent in operating or maintaining the vehicle," and that Curry had not produced any evidence that Priddy's use of a tarp to cover the potassium sulfate was negligent. J.A. at 47-48 (Dist. Ct. Mem. Op. at 9-10). Curry filed a timely notice of appeal.

## II. ANALYSIS

After U.S. Bulk Transport filed a notice of removal, the district court assumed diversity jurisdiction over this case under 28 U.S.C. § 1332. At that time, the only defendant identified by name in Curry's first amended complaint was U.S. Bulk Transport. The remaining defendants were merely identified as John Does, and their citizenship was unknown. Curry is a citizen of Ohio, and U.S. Bulk Transport is a citizen of Pennsylvania, as it is a Pennsylvania corporation with its principal place of business in Pennsylvania. J.A. at 7 (Notice of Removal). There is no question, therefore, that at the moment of removal, complete diversity existed between the identified parties, and the district court properly exercised diversity jurisdiction. *See Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999) ("In order for a defendant to remove a case to federal court based upon diversity jurisdiction, there must be complete diversity of citizenship both at the time that the case is commenced and at the time that the notice of removal is filed.").

In January 2005, however, the district court granted Curry's motion to file a third amended complaint. This amended complaint added Priddy and Susman as nondiverse defendants, as both men, like Curry, are citizens of Ohio. J.A. at 27-29 (Third Amd. Compl. at 1-3). Curry explained at oral argument that he did not learn the identities of Priddy and Susman until discovery, and defendants agreed and conceded that there was no improper motive on Curry's behalf regarding this delay in identifying the parties. Yet upon the substitution of Priddy and Susman for two John Doe defendants in the complaint and the realization that there were then Ohio citizens on both sides of the lawsuit, neither party raised before the district court the issue of whether the district court's diversity jurisdiction remained valid, and the court failed to reconsider its subject-matter jurisdiction *sua sponte*.[2] *See Owens v. Brock*, 860 F.2d 1363, 1367 (6th Cir. 1988) ("[D]efects in subject matter jurisdiction cannot be waived by the parties and may be addressed by a court on its own motion at any stage of the proceedings."). Upon review, we conclude that the district court should have dismissed the case for lack of subject-matter jurisdiction upon granting Curry's motion to amend the complaint to include Priddy and Susman.

"Diversity of citizenship, the basis for jurisdiction in the present case, exists only when no plaintiff and no defendant are citizens of the same state." *Jerome-Duncan, Inc.*, 176 F.3d at 907. The general rule is that diversity is determined at the time of the filing of a lawsuit. *See Smith v. Sperling*, 354 U.S. 91, 93 & n.1 (1957). Notwithstanding this general rule, persuasive authority counsels that in a situation such as this where an amended complaint is filed to include the identity of a previous unidentified defendant, diversity must be determined at the time of the filing of the amended complaint. As the leading civil procedure treatise explains:

> Although jurisdiction will not be ousted by a subsequent change in parties who are ancillary to the suit and whose presence . . . is not essential to an adjudication on the

---

[2]Curry notes in his appellate brief that Priddy and Susman are citizens of Ohio, and that despite this amended complaint, "the case was not remanded to State Court." Appellant Br. at 1. Defendants remained entirely silent on the jurisdiction issue and did not include a statement of jurisdiction in their appellate brief.

merits, a change in parties that goes to the very essence of the district court's ability to adjudicate the merits of the dispute effectively — most notably the addition of indispensable parties — may destroy it. The cases indicate that the court will take account of whether the plaintiff has been dilatory or is trying to destroy diversity, whether the plaintiff will be significantly disadvantaged if the amendment is not allowed, and whether remanding the action to the state court will prejudice the defendant.

14B CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3723 (3d ed. 1998). *See also Amer. Fiber & Finishing, Inc. v. Tyco Healthcare Group, LP*, 362 F.3d 136, 141-42 (1st Cir. 2004) (holding that the introduction of a nondiverse defendant in place of a diverse defendant in an amended complaint destroyed diversity and the court's jurisdictional basis)[3]; *Casas Office Mach., Inc. v. Mita Copystar Am., Inc.*, 42 F.3d 668, 674 (1st Cir. 1994) ("Congress has indicated that federal diversity jurisdiction is defeated so long as, after removal, fictitious defendants are replaced with nondiverse, named defendants, regardless of whether they happen to be dispensable or indispensable to the action."); *Fiedler v. Reliance Elec. Co.*, 823 F.2d 269, 270-71 (8th Cir. 1987) (noting district court's dismissal of case involving destruction of diversity after determination that nondiverse defendant was a proper party to add to the litigation); *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010-11 (3d. Cir. 1987) ("[W]hen a nondiverse party is added to a federal proceeding and that party's presence is indispensable to the furnishing of complete relief, remand is mandated where federal subject matter jurisdiction depends on diversity jurisdiction, even though removal was originally proper."); *Duchon v. Cajon Co.*, 791 F.2d 43, 47 n.2 (6th Cir. 1986) (stating that "the lack of complete diversity among the parties under [the plaintiff's] proposed amended complaint would not in itself be fatal" where "there is an independent basis of federal jurisdiction over the non-diverse defendant"); *cf. Cox v. Mayer*, 332 F.3d 422, 429-30 (6th Cir. 2003) (Moore, J., dissenting) (stating that the filing of a supplemental pleading "becomes the relevant pleading for purposes of determining diversity") (citing *Grady v. Irvine*, 254 F.2d 224, 228 (4th Cir. 1958)).

In *Casas Office Machines*, the First Circuit faced a nearly identical scenario to the instant case, and concluded that the identification of nondiverse "John Doe" defendants after removal destroyed subject-matter jurisdiction. Casas, the plaintiff in that suit, had originally filed suit in the Superior Court of Puerto Rico against Mita and two "John Doe" defendants. *Casas Office Mach.*, 42 F.3d at 670. After Mita removed the case to the United States District Court for the District of Puerto Rico, Casas filed an amended complaint identifying the two fictitious defendants which, like Casas, were Puerto Rico corporations. Despite the destruction of complete diversity, the parties did not move to remand to state court and the district court failed to dismiss sua sponte, but rather proceeded to adjudicate the dispute on the merits. When appealing the district court's unfavorable judgment, Mita raised the lack of diversity jurisdiction for the first time before the First Circuit.

Relying upon 28 U.S.C. § 1447(e), the First Circuit concluded that "diversity jurisdiction was lost in the present case when the [district] court allowed Casas to identify the fictitious [nondiverse] defendants," and that the district court erred when it allowed Casas to "substitute the nondiverse, named defendants for the fictitious defendants — thereby defeating federal diversity jurisdiction — and then continue to deal with the merits of the dispute." *Id.* at 675. Title 28 U.S.C. § 1447(e) provides, "If after removal the plaintiff seeks to join additional defendants whose joinder

---

[3]The First Circuit's reasoning in *American Fiber & Finishing* is particularly helpful here. In this instance, as there, "it is nose-on-the-face plain that [Curry] could not originally have brought suit in federal court against [Priddy and Susman], since citizens of [Ohio] would have been perched on both sides of the litigation. When it amended its complaint to configure its suit in precisely that fashion, complete diversity was destroyed just as surely as if [Curry] had sued [Priddy and Susman] in the first instance." *Amer. Fiber & Finishing*, 362 F.3d at 141. "The extra step [of the amended complaint] obfuscates, but does not alter, the jurisdictional calculus." *Id.*

would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." The First Circuit reasoned that "[a]lthough this provision relates expressly to joinder, the legislative history to the Judicial Improvements and Access to Justice Act of 1988 indicates that § 1447(e) applies also to the identification of fictitious defendants after removal." *Casas Office Mach.*, 42 F.3d at 674 (citing H.R. Rep. No. 100-889, at 73 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5982, 6033 ("Th[e] provision also helps to identify the consequences that may follow removal of a case with unidentified fictitious defendants.") (alteration in original)). We find the First Circuit's application of § 1447(e) to these circumstances to be persuasive. Upon the order granting Curry's motion to amend his complaint to identify Priddy and Susman and add them as nondiverse defendants, complete diversity was destroyed, and so remand to state court was required at that time. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added). The district court's failure to remand and instead its decision to maintain Priddy and Susman as nondiverse defendants deprived the district court of subject-matter jurisdiction to enter its judgment below.

Neither the parties nor the district court followed this proper course of action, however, and instead the district court simply proceeded to adjudicate the summary-judgment motion on the merits. We are now faced with Curry's appeal from that summary-judgment motion, and we must decide whether we may reach the merits of this appeal despite the fact that the district court lacked subject-matter jurisdiction below. Acknowledging the lack of complete diversity at oral argument after our prodding, U.S. Bulk Transport concedes the lack of subject-matter jurisdiction. In response, U.S. Bulk Transport encourages us to dismiss Curry's claims against Priddy and Susman pursuant to *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826 (1989), so that we may retain jurisdiction over this appeal and reach the merits of the district court's grant of summary judgment to U.S. Bulk Transport.

In *Newman-Green*, plaintiff Newman-Green, Inc. initially filed suit in federal district court alleging state-law contract claims against multiple defendants and invoking diversity jurisdiction because all of the defendants were believed to be diverse from Newman-Green. When Newman-Green appealed the district court's partial grant of summary judgment to the Seventh Circuit, the Court of Appeals drew the parties' attention to the fact that one of the defendants in the suit, who was domiciled in Venezuela but a U.S. citizen, had no domicile in the United States, rendering him "stateless" for the purposes of § 1332(a)(3) and ineligible for § 1332(a)(2), and thereby destroying complete diversity between the plaintiff and defendants. *Id.* at 828-29. When faced with the possibility that its entire suit might be dismissed from the federal courts for lack of subject-matter jurisdiction, Newman-Green filed a motion with the Seventh Circuit requesting to amend its complaint to drop the single nondiverse defendant from the law suit so that the federal courts could maintain subject-matter jurisdiction. *Id.* at 829. The original panel of the Seventh Circuit granted Newman-Green's motion and dismissed the nondiverse defendant with prejudice, but the en banc court reversed, holding that the Court of Appeals could not cure the lack of subject-matter jurisdiction retroactively by dismissing the nondiverse defendant. *Newman-Green, Inc. v. Alfonzo-Larrain*, 832 F.2d 417 (7th Cir. 1987), *rev'd en banc*, 854 F.2d 916 (7th Cir. 1988). Upon review, the Supreme Court reversed the en banc court, holding that federal "courts of appeals have the authority to dismiss a dispensable nondiverse party" to cure a jurisdictional defect. *Newman-Green*, 490 U.S. at 837. The Supreme Court emphasized, however, "that such authority should be exercised sparingly." *Id*. *Newman-Green* counsels that "[i]n each case, the appellate court should carefully consider whether the dismissal of a nondiverse party will prejudice any of the parties in the litigation." *Id.* at 837-38. The Supreme Court went on to conclude that granting Newman-Green's motion to dismiss the nondiverse defendant in that instance was appropriate because the dismissal would not harm any of the parties. *Id.* at 838.

U.S. Bulk Transport's argument that we should exercise our authority under *Newman-Green* in these circumstances is misplaced.[4]     *Newman-Green* is fundamentally different from the circumstances of this case because *Newman-Green* did not involve removal, but was rather an instance where the plaintiff originally filed suit in federal court and wished to resolve its dispute in that forum.  Importantly, in *Newman-Green* it was the plaintiff, who wished to be in federal court all along, who sought to dismiss the nondiverse defendant that it had identified, when the problem with complete diversity became apparent.  In *Casas Office Machines,* the plaintiff Casas asked the First Circuit to exercise its authority under *Newman-Green* to dismiss the nondiverse substituted defendants without prejudice when the jurisdiction problem was perceived on appeal.  *Casas Office Mach.*, 42 F.3d at 675.  Thus, in both *Newman-Green* and *Casas Office Machines*, the triggering factor for the appellate authority to dismiss the nondiverse defendants to cure the lack of jurisdiction was the *plaintiff's* motion to enable it to proceed with the case against diverse defendants in federal court.  This is a far cry from the circumstances in this case.  Here Curry wished to bring this lawsuit against all three defendants in state court.  As the plaintiff, Curry is the master of his complaint, *see Loftis v. United Parcel Service, Inc.*, 342 F.3d 509, 514-15 (6th Cir. 2003), and he properly chose to pursue his tort claims against the truck driver, the truck owner, and U.S. Bulk Transport in one lawsuit in state court.  Curry was then brought into federal court on U.S. Bulk Transport's notice of removal.  There is no dispute that Curry subsequently engaged in a good-faith effort to identify Priddy and Susman at the earliest possible time, but that he was unable to do so until the discovery process was underway in the U.S. district court.

In these circumstances, we conclude that curing the lack of subject-matter jurisdiction against Curry's wishes by dismissing Priddy and Susman would harm Curry, as it would force him to be bound by a judgment that the district court lacked jurisdiction to issue.  Dismissing Priddy and Susman while retaining in federal court Curry's action against U.S. Bulk Transport may also force Curry to initiate a second lawsuit in state court in order to pursue his claims against Priddy and Susman, requiring him to expend further resources than if he had been able to pursue his claims against all defendants in his single state-court suit as he originally desired.  In addition, a two-suit resolution of Curry's grievances would be an utter waste of judicial resources.  We recognize the seeming waste of judicial resources in our inability to reach the merits of this appeal, but this is due to the failure of the parties and the district court to take the proper action — to remand the suit to state court — when the nondiverse defendants were named.  For these reasons, we conclude that this case is not the proper instance in which to exercise our limited authority under *Newman-Green*.  We remand the action to the district court so that the district court can remand the action in its entirety to the state court for lack of federal-court subject-matter jurisdiction, thereby permitting the plaintiff to pursue resolution of this dispute in one lawsuit in state court.

## III.  CONCLUSION

Because complete diversity was destroyed when Priddy and Susman were identified as nondiverse defendants, the district court lacked subject-matter jurisdiction.  We REMAND the action to the district court with instructions to remand the action to the state court from which this action was removed.

---

[4]It is not disputed that Priddy and Susman, as joint tortfeasors, are dispensable parties to this litigation.  *See Casas Office Mach.*, 42 F.3d at 677 (stating that "[i]t is well-established that joint tortfeasors and co-conspirators are generally not indispensable parties" because of joint and several liability).