File Name: 07a0345n.06

Filed: May 16, 2007

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 06-6188

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

PAT PROBUS,

    Plaintiff-Appellant,

v.

CHARTER COMMUNICATIONS, LLC and
KELLY GUILES,

    Defendants-Appellees.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF KENTUCKY

_____/

**OPINION**

Before:      MARTIN and SUTTON, Circuit Judges; GRAHAM, District Judge.[*]

    BOYCE F. MARTIN, JR., Circuit Judge.  Plaintiff Pat Probus sued her former employer,

Charter Communications, and her former co-worker, Kelly Guiles, in Kentucky state court, alleging

various violations of state law.  Defendants removed the case to federal court, contending in their

notice of removal that even though Probus and Guiles were both citizens of Kentucky, Probus had

fraudulently joined Guiles as a defendant for the purpose of destroying diversity.  Without addressing

the issue of subject matter jurisdiction, the district court entered summary judgment in favor of both

defendants on all claims.  Probus now appeals the district court's order.  Because we find that the

---

    [*]The Honorable James L. Graham, United States District Judge for the Southern District of
Ohio, sitting by designation.

district court entertained jurisdiction of this case in the absence of complete diversity, we **VACATE** the district court's judgment and **REMAND** the case to the district court so that it may resolve the issue of fraudulent joinder in order to determine whether there was complete diversity.

## I.

On August 31, 2004, Pat Probus filed suit in the Jefferson Circuit Court of the Commonwealth of Kentucky against her former employer, Charter Communications, and her former co-worker at Charter, Kelly Guiles. Probus and Guiles are both citizens of Kentucky. Charter Communications is incorporated in Delaware and has its principal place of business in Missouri. Probus sued Guiles for the state-law torts of slander and outrageous conduct. She sued Charter based on these torts under a theory of vicarious liability, and also on other state-law claims of reverse discrimination, racially hostile work environment, and retaliatory discharge. On October 8, 2004, defendants filed a notice of removal pursuant to 28 U.S.C. §§ 1332 and 1441 *et seq*. Section 1332 provides that a district court shall have jurisdiction over a civil case where the amount in controversy exceeds $75,000 and it is between citizens of different states. Pursuant to § 1441(b):

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Defendants claimed in their notice of removal that although Probus and Guiles were both citizens of Kentucky, Guiles was fraudulently joined in order to foreclose federal jurisdiction, and therefore, this action was removable.

Probus did not file a motion to remand the case to state court. In her appellate brief, while she disagrees with defendants' assertion that Guiles was fraudulently joined, she admits that she failed to move to remand the case to state court before the district court entered judgment in favor of defendants. She apparently believes that her failure to remand the case may have "created jurisdiction" in the district court. Appellant's Br. at 1. Her belief is incorrect. While a plaintiff may waive her ability to contest factual claims that might underlie a finding of jurisdiction (such as the location of the defendant's principal place of business), no plaintiff can "create" diversity jurisdiction by failing to move to remand when it is clear that complete diversity does not exist. Courts must examine subject matter jurisdiction "on their own initiative." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Therefore, despite Probus's failure to move to remand, the district court should have *sua sponte* addressed the issue of subject matter jurisdiction. *Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536, 539-41 (6th Cir. 2006).

## II.

"When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand [to state court] only by demonstrating that the non-diverse party was fraudulently joined." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999) (citation omitted). As our case law makes clear, it is the removing party's burden to demonstrate fraudulent joinder, and any doubts are resolved *against* removal. *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 948-49 (6th Cir. 1994). Further, the plaintiff's motive for suing the non-diverse defendant is irrelevant. *Jerome-Duncan*, 176 F.3d at 907.

In order to determine whether a non-diverse defendant was fraudulently joined, we ask whether the plaintiff had a colorable basis for her claims against that defendant. To answer that question, we employ the following standard:

> There can be no fraudulent joinder unless it [is] clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law. . . . Therefore the question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved. [Restated,] the question [is] whether there was any reasonable basis for predicting that [the plaintiff] could prevail.

*Alexander*, 13 F.3d at 949 (internal quotation marks and citations omitted).

Defendants contended in their notice of removal that there was no colorable basis for Probus's outrageous conduct and slander claims against Guiles, and that because Guiles was fraudulently joined, her "citizenship should be ignored for purposes of diversity." But if Guiles was fraudulently joined and there was in fact complete diversity, the proper procedure would have been to dismiss Guiles from the suit entirely, not to merely ignore her citizenship "for purposes of diversity" and proceed to the summary judgment stage with her as a named party. Alternatively, if the district court disagreed with defendants' contention that Probus had not alleged a colorable claim against Guiles, then Guiles was properly named as a defendant, and the district court should have remanded the case to state court for lack of subject matter jurisdiction. *Jerome-Duncan*, 176 F.3d at 907. Section 1332 requires that federal courts entertain jurisdiction of cases based on diversity of citizenship only if there is *complete* diversity. *Ruhrgas AG*, 526 at 584. That is, no plaintiff may be a citizen of the same state as any defendant. Such complete diversity is lacking in this case.

The district court neither dismissed Probus from the suit, nor remanded the case to state court. Rather, the district court permitted defendants to file a motion for summary judgment, which it subsequently granted on all claims. *Probus v. Charter Communications, LLC*, No. 3:04-CV-582-S, 2006 WL 1737947 (W.D. Ky. June 21, 2006). The district court's progression to the summary judgment stage while Guiles was still a party to the suit was improper. The district court first should have looked to the pleadings and determined whether Probus's claims against Guiles (the non-diverse defendant) were colorable under Kentucky law, *i.e.*, whether, if Probus's allegations were proven, they could have satisfied the elements of either state-law tort claim brought against Guiles. *See, e.g.*, *Sprowls v. Oakwood Mobile Homes, Inc.*, 119 F. Supp. 2d 694, 697 (W.D. Ky. 2000) (discussing whether a plaintiff had a colorable claim under state law, and stating that "[s]ummary judgment standards do not apply to the question now before it. Rather, this Court must examine the pleadings for allegations, which if proven, would provide a reasonable basis for a finding of liability against [defendant who was allegedly joined fraudulently]"). Because a court cannot simply ignore jurisdictional shortcomings, we hold that the district court erred by reaching the merits of this case before determining whether jurisdiction was proper. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998). Therefore, we remand this case to the district court for a determination of whether there was a colorable basis for Probus's state-law claims against Guiles for outrageous conduct and slander. The district court needs to find that only one of these claims is colorable, without regard to factual merit, in order to remand to state court. *See Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) ("[I]f there is a colorable basis for predicting that

a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court.").

We realize that the district court already determined, based on the evidence before it, that Probus's claims did not pass muster under the summary judgment standard. But the appropriate inquiry in this case was not whether Probus would ultimately lose on the merits; rather, it was simply whether Probus "had at least a colorable cause of action against [Guiles] in the [Kentucky] state courts." *Jerome-Duncan*, 176 F.3d at 907. Therefore, we **VACATE** the judgment of the district court and **REMAND** the case for a determination of diversity jurisdiction — specifically, whether Guiles was fraudulently joined.