Peter ERICKSON, Plaintiff,

v.

JOHNSON CONTROLS, INC., John Moriarty & Associates, Inc., Lake HVAC, Inc., Defendants.

Astro Crane Services, Third–Party Defendant,

G & M Trucking, Inc., Fourth–Party Defendant.

Civil Action No. 11–10701–NMG.

United States District Court, D. Massachusetts.

Aug. 17, 2012.

Eugene F. Sullivan, Richard J. Sullivan, Sullivan & Sullivan LLP, Wellesley, MA, for Plaintiff.

David L. Campbell, Bowman and Brooke, LLP, Troy, MI, Jeremy Y. Weltman, William F. Ahern, Jr., Clark, Hunt, Ahern & Embry, Cambridge, MA, Timothy J. Mattson, Bowman and Brooke, LLP, Minneapolis, MN, for Defendants.

## MEMORANDUM & ORDER

GORTON, District Judge.

The instant case arises from a construction site accident in Waltham, Massachusetts in October, 2009. The injured party has sued three entities for negligence, one of whom has moved to dismiss the claim against it for lack of subject matter jurisdiction. That motion is currently pending before the Court.

### I. *Background*

At the time of the accident, plaintiff Peter Erickson ("Erickson") was working at the construction site for his employer, G & M Trucking, Inc. ("G & M Inc."). Erickson alleges that he was in the process of removing shrink wrap from an air-conditioning unit, which was being lifted by a crane to facilitate the removal, when the unit fell from the crane and struck him causing serious injury.

In March, 2011, Erickson filed a complaint in Massachusetts Superior Court against Johnson Controls, Inc. ("JCI"), the manufacturer of the air-conditioning unit, for negligence, breach of implied warranty, breach of express warranty and violations of the Massachusetts Consumer Protection Act, M.G.L. c. 93A. JCI, a Wisconsin corporation, removed the case to this Court in April, 2011 on the basis of diversity jurisdiction. Shortly thereafter, JCI filed a third party complaint for contribution and indemnification against John Moriarty & Associates, Inc. ("JMA"), the general contractor overseeing construction, and JMA's subcontractors, Lake HVAC, Inc. ("Lake Inc.") and Astro Crane Services ("Astro Services"). JMA, Lake Inc. and Astro Services are all Massachusetts corporations with their principle places of business in Massachusetts. JMA and Astro Services have 1) asserted crossclaims against one another and against Lake Inc. and 2) filed separate fourth party complaints against G & M Inc., which is also a Massachusetts corporation with its principle place of business in Massachusetts.

In March, 2012, the Court allowed Erickson's unopposed motion to amend his complaint to add counts against JMA and Lake Inc. In the amended complaint, the first four counts are asserted against JMI, Count V asserts a claim for negligence against JMA, and Count VI asserts a claim for negligence against Lake Inc.

In April, 2012, Lake Inc. filed an answer to the amended complaint. JMA, however, moved to dismiss Count V pursuant to Fed.R.Civ.P. 12(b)(1), on the grounds that diversity jurisdiction had been destroyed when the plaintiff, a Massachusetts resident, asserted claims directly against non-diverse third-party defendants, including JMA.

### II. *Motion to Dismiss*

To maintain an action in federal court based upon diversity jurisdiction, there must be complete diversity, meaning

that no plaintiff can be a citizen of the same state as any of the defendants. *See* 28 U.S.C. § 1332. Where a case is removed by a defendant from state to federal court, "[t]he addition of a non-diverse defendant in an amended complaint defeats diversity." *See Gorfinkle v. U.S. Airways, Inc.*, 431 F.3d 19, 22 (1st Cir. 2005); *Casas Office Machines v. Mita Copystar Am.*, 42 F.3d 668, 675 (1st Cir. 1994); *see also* 28 U.S.C. §§ 1367(b).

■ If a nondiverse defendant has been added but is dispensible, the court may either remand the case to state court or restore diversity jurisdiction by dismissing that defendant. *See Gorfinkle*, 431 F.3d at 22; *Casas*, 42 F.3d at 675; *see also* 28 U.S.C. 1447(e). When considering whether to adopt the latter approach, the court should "carefully consider whether the dismissal of a non-diverse party will prejudice any of the parties in the litigation." *Gorfinkle*, 431 F.3d at 22 (internal quotation omitted).

■ Here, Erickson added two nondiverse parties, JMA and Lake, as defendants in the amended complaint. Their presence defeats diversity. *Id.* at 21. Both parties are, however, potential joint tortfeasors and thus dispensable parties. *See id.* at 22 (citing *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 837, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989)) (holding that a party which is alleged to be joint and severally liable is dispensable to the lawsuit). Under Massachusetts law, parties are joint and severally liable where their concurrent, negligent actions contribute to the personal injury of another. *See O'Connor v. Raymark Indus., Inc.*, 401 Mass. 586, 591, 518 N.E.2d 510 (1988). JMA and Lake both fall within that category because Erickson's injury resulted from a single accident which he claims is due to the negligence of JCI, JMA and

Lake. Thus, JMA and Lake are dispensable parties and may be dismissed.

■ Dismissal of JMA and Lake will not substantially prejudice the parties. The possibility of piecemeal litigation is, of course, vexing to the parties and to the judicial system. Nevertheless, this litigation is in its early stages and pretrial deadlines have recently been further postponed. Furthermore, JMA and Lake will remain in the action as third party defendants, *see Gorfinkle*, 431 F.3d at 23 n. 3 ("[A] joint tortfeasor defendant dismissed with prejudice to preserve diversity jurisdiction may still be liable to the remaining defendant for indemnity or contribution."), and so the time and effort expended by those defendants and the plaintiff to this juncture have not been for naught.

Accordingly, the Court will, pursuant to JMA's motion, dismiss Count V of the complaint. It will also, *sua sponte*, dismiss Count VI against Lake. *In re Recticel Foam Corp.*, 859 F.2d 1000, 1002 (1st Cir. 1988) (noting that a court is obligated to "inquire *sua sponte* into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting."). It will retain jurisdiction over the remaining claims and parties.

**ORDER**

In accordance with the foregoing, the motion to dismiss filed by JMA (Docket No. 88) is **ALLOWED**. Counts V and VI of plaintiff's amended complaint are **DISMISSED** without prejudice.

**So ordered.**