KAREN NELSON MOORE, Circuit Judge,
dissenting.
Because I believe that the district court lacked jurisdiction, I respectfully dissent. Federated’s asserted jurisdictional basis upon removal was 28 U.S.C. § 1332. R. 1 (Notice of Removal ¶ 17) (Page ID #6). As the majority suggests, see Majority Op. at 400-01, there does not appear to be complete diversity in this case; Plaintiff Maher and Defendants Brooklyn Ford and Strang are residents and likely citizens of Michigan, R. 1 (Compl. ¶¶ 2, 5-6) (Page ID #12-13). However, as the majority also points out, see Majority Op. at 400-01, Federated argued in its notice of removal that Brooklyn Ford and Strang were fraudulently joined, R. 1 (Notice of Removal ¶¶ 13-15) (Page ID #13-15). The district court did not address this argument, and Federated has not pursued a similar argument on appeal. We have remanded similar cases in which the district court *406 enters judgment in the absence of complete diversity and without considering a defendant’s fraudulent-joinder argument. See Probus v. Charter Commc’ns, LLC, 234 Fed.Appx. 404, 405 (6th Cir. 2007). I do not believe that a different approach from Probus is appropriate here, so I would remand so that the district court may resolve the issue of fraudulent join-der.
In addition, I do not believe that we should dismiss Brooklyn Ford and Strang. “Although ... courts of appeals have the authority to dismiss a dispensable nondi-verse party, ... such authority should be exercised sparingly.” Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 837, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989). In the few cases where courts of appeals have exercised such authority, “the triggering factor ... [has been] the plaintiff's motion to enable it to proceed with the case against diverse defendants in federal court.” See Curry v. U.S. Bulk Transp., Inc., 462 F.3d 536, 543 (6th Cir. 2006). Likewise, here, Maher chose to bring his declaratory-judgment claim against Brooklyn Ford and Strang, as well as Federated, in state court, see R. 1 (Compl. ¶¶ 22-23) (Page ID #15), and Maher was brought into federal court on Federated’s notice of removal, R. 1 (Notice of Removal at #7) (Page ID #7). On appeal, no party has encouraged us to dismiss Brooklyn Ford and Strang. Therefore, it is far from “evident that none of the parties will be harmed by [Brooklyn Ford and Strang’s] dismissal.” See Newman-Green, Inc., 490 U.S. at 838, 109 S.Ct. 2218. I believe that their dismissal is inappropriate.[1]
Finally, because I believe that the district court lacked jurisdiction, I would not address the merits of Maher’s appeal, including “the .amount of residual liability coverage that Federated must provide.” See Citizens Ins. Co. of Am. v. Federated Mut. Ins. Co., 448 Mich. 225, 531 N.W.2d 138, 142 (1995).
Accordingly, I respectfully dissent.

. The majority claims that other appellate courts have dismissed nondiverse defendants even when the plaintiff did not so request, citing decisions from the U.S. Court of Appeals for the First and Eleventh Circuits. See Majority Op. at 401. However, these cases are distinguishable from this case. In both of the majority’s cases, complete diversity existed when the defendants removed to federal court. See Gorfinkle v. U.S. Airways, Inc., 431 F.3d 19, 21 (1st Cir. 2005); Ingram v. CSX Transp,, Inc., 146 F.3d 858, 861 (11th Cir. 1998). The plaintiffs then destroyed diversity by filing amended complaints in federal, court, in which they added nondiverse defendants. See Gorfinkle, 431 F.3d at 21-22; Ingram, 146 F.3d at 860. In fact, in Ingram, the district Court granted the plaintiff’s motion to amend her complaint “with the EXPRESS UNDERSTANDING that the addition of a nondiverse defendant [would] not destroy [the] court's diversity jurisdiction which [had] already attached," an understanding that the plaintiff did not share. Ingram, 146 F.3d at 861. By contrast, there is not a hint of gamesmanship in this case; Maher named Brooklyn Ford and Strang as defendants in his state-court complaint. See R. 1 (Compl. ¶¶ 22-23) (Page ID #15).
More fundamentally, a panel of this court has held that when a plaintiff files a complaint originally in state court, we are not empowered to vest the district court with jurisdiction on removal by dismissing nondi-verse defendants if the plaintiff does not so request. See Curry v. U.S. Bulk Transp., Inc., 462 F.3d 536, 543 (6th Cir. 2006). “We are bound by the published decisions of prior panels of this Court.” Soaring Eagle Casino & Resort v. NLRB, 791 F.3d 648, 662 (6th Cir. 2015). Therefore, as the master of his complaint, see Loftis v. United Parcel Serv., Inc., 342 F.3d 509, 514-15 (6th Cir. 2003), Maher should be able to enjoy whatever "tactical advantage[s]” he perceives in state court without our interference. See Newman-Green, Inc., 490 U.S. at 838, 109 S.Ct. 2218.