<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>
File Name: 18a0094n.06

Case No. 17-1567

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

<table>
<tr><td>DENISE POLLINGTON,</td><td>)</td><td rowspan="13"></td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>Plaintiff-Appellant,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>v.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>G4S SECURE SOLUTIONS (USA) INC.;</td><td>)</td></tr>
<tr><td>KEVIN BAKER,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>Defendants-Appellees.</td><td>)</td></tr>
</table>

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

BEFORE: BOGGS, BATCHELDER, and THAPAR, Circuit Judges.

THAPAR, Circuit Judge. Denise Pollington sued her former employer, G4S Secure Solutions, and former supervisor, Kevin Baker, for alleged violations of Michigan law. She brought her suit in Michigan state court. G4S removed the case to federal court, claiming diversity jurisdiction. One problem: The parties' filings suggest that both Pollington and Baker are Michigan citizens. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (noting that the citizenship of each plaintiff must be diverse from the citizenship of *each* defendant to create diversity jurisdiction); *see also* 28 U.S.C. § 1332. In its notice of removal, G4S claimed that the district court should "disregard" Baker's citizenship because Pollington failed to properly serve him, and in any event, that his presence in the suit would amount to fraudulent joinder. Instead

of addressing these arguments and their effect on its jurisdiction, the district court allowed the litigation to proceed and ultimately granted both defendants summary judgment.

The district court should not have proceeded to summary judgment until it resolved these lingering questions about its jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Jurisdiction must be established as a threshold matter—"inflexibl[y] and without exception." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). So anytime a defendant removes to federal court, it must show that it has the right to be there. *See Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). And it cannot do so merely by pointing to the other party's consent or waiver. *See Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). As such, even in the absence of an objection by Pollington, the district court was obligated to consider its jurisdiction sua sponte, at which point it could have done one of two things. Had it determined that Baker was improperly served or fraudulently joined, it should have dismissed him from the suit. *See* Fed. R. Civ. P. 4(m); *Probus v. Charter Commc'ns, LLC,* 234 F. App'x 404, 407 (6th Cir. 2007). Alternatively, had it found that Baker was a proper party to the suit, it should have remanded the case to state court. *See Saginaw Hous. Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009). It should not, however, have skipped over these jurisdictional issues and ruled on the merits.

Accordingly, we **VACATE** the judgment of the district court and **REMAND** the case for a determination of whether diversity jurisdiction exists.